UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:21-cr-07-CHB-HAI-15 |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING RECOMMENDED DISPOSITION** |
| BRIAN KENTON YORK, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court following Defendant Brian Kenton York's final revocation hearing on charges of violating conditions of his supervised release. At the hearing, Defendant stipulated to the violation set forth in the Violation Report, and Magistrate Judge Ingram found Defendant competent to so stipulate, and that the stipulation was knowingly, voluntarily, and intelligently made. [R. 585, p. 3].

In his Recommended Disposition, Magistrate Judge Ingram went on to consider the factors outlined in 18 U.S.C. § 3583(e)(3). *See generally United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Having fully considered the charges and the record before him, Magistrate Judge Ingram recommended that Defendant be found guilty of the violation listed in the Violation Report, that Defendant's supervised release be revoked, and that he be imprisoned for a term of eight months, followed by one year of supervised release, to begin with a three-month period of inpatient treatment for substance abuse in coordination with the probation office. [R. 585].

Magistrate Judge Ingram informed Defendant of his right of allocution and his right to object to the recommendation. *See id.* at 7–8. The fourteen-day objection period has expired, and neither party has objected to the Recommended Disposition. Defendant has also filed a waiver of allocution. [R. 586].

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed R. Crim P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made"). Nevertheless, the Court has reviewed the record and agrees with Magistrate Judge Ingram's Recommended Disposition. The Court thus, with no objection from any party and on full review of the record and Magistrate Judge Ingram's thorough treatment, **ORDERS** as follows:

1. Magistrate Judge Ingram's Recommended Disposition is **ADOPTED** as the opinion of this Court, and the Court **ADJUDGES** Defendant Brian Kenton York guilty of the charged violation.
2. The Court **REVOKES** supervision and **SENTENCES** Defendant to eight (8) months' imprisonment, followed by one year of supervision, to begin with a three-month period of inpatient treatment for substance abuse in coordination with the

probation office (as described in existing Special Condition #10, *see* R. 561, p. 5).

3. The Court will enter an appropriate revocation judgment.

The 11th day of September, 2026.

Claria Horn Boom

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY